UNITED STATES of America, Appellee,

v.

Audrey BAILEY, Defendant, Appellant.

No. 87–1023.

United States Court of Appeals,
First Circuit.

Heard July 29, 1987.

Decided May 3, 1988.

Gail S. Strassfeld with whom Nancy Gertner, by Appointment of the Court, and Silverglate, Gertner, Fine, Good & Mizner, Boston, Mass., were on brief for defendant, appellant.

Paul F. Healy, Jr., Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief for appellee.

Before CAMPBELL, Chief Judge, NOONAN * and SELYA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Audrey Bailey was convicted under 18 U.S.C. § 1503 (1982) of endeavoring to influence a juror who was sitting in the case of *United States v. Angiulo.* The government's main witness at Bailey's trial was Nancy Grant, the *Angiulo* juror whom Bailey allegedly tried to influence. In *United States v. Bailey,* 834 F.2d 218 (1st Cir.1987) (*Bailey I* ), we held on appeal that the district court erred in not allowing Bailey to interview the jurors with whom Nancy Grant had served on the *Angiulo* trial. Remanding to the district court with directions to provide Bailey with appropriate access to the jurors, we retained jurisdiction pending receipt of the district court's findings and recommendations concerning the results of the juror interviews. Pursuant to our directions, the district court has since permitted court-supervised interviews of the *Angiulo* jurors by Bailey's lawyer. We now have the district court's findings and recommendations, as well as a transcript of the interviews and the parties' briefs to us on these matters. The district court found that the jurors did not possess sufficient information to warrant a new trial.

We indicated in *Bailey I* that Grant's fellow jurors were well situated to have been aware of evidence potentially relevant to Bailey's attempt to discredit Grant's testimony:

During the eight months Grant sat with them, her fellow jurors were positioned to have found out what untoward feelings, if any, Grant may have harbored about serving on that jury. If she in fact

* Of the Ninth Circuit, sitting by designation.

ever made any remarks suggestive of a desire to find a way to quit the jury, or indicative of a motive, intent, or disposition to fabricate accusations of jury tampering against someone, the other jurors might well have heard them. Her fellow jurors might also have formed an adverse opinion as to Grant's character or credibility.

*Bailey I,* 834 F.2d at 225.

Appellant Bailey now claims that testimony elicited during the juror interviews requires the ordering of a new trial. She argues that the following statements by the jurors, had they been known by counsel prior to Bailey's trial, could have led to admissible evidence that was capable of causing a different result at trial:

1. One juror's testimony that Grant told her during the trial that "the Angiulos are going to start threatening people."

2. The testimony of several jurors that Grant had a negative attitude toward jury service.

3. Miscellaneous testimony relative to the issue (and to the defense's ability to make an issue) of Grant's credibility: that Grant was prone to exaggerate; that Grant made qualitative observations about the evidence in the case (belying her insistence to the contrary at Bailey's trial); and that Grant spoke to the jurors about the "cab-driver incident" (which incident could have been the subject of cross-examination). *See Bailey I,* 834 F.2d at 221 n. 3.

4. Testimony that Grant drank regularly at a bar in Somerville.

We find none of appellant's arguments with regard to this testimony persuasive. That Grant complained about jury service, or made a remark about potential threats, falls well short of indicating a concrete desire to actually find a way—perhaps by fabricating a bribe—to get off the jury. Likewise, the miscellaneous testimony relative to Grant's credibility adds little if anything to the portrait of Grant that was before the jury that convicted Bailey on the basis of Grant's testimony. *See Bailey I,* 834 F.2d at 225 n. 5. And appellant's argument that the testimony about Grant's drinking habits might have enabled counsel to have unearthed from an unknown bar a hypothesized drinking buddy of Grant's, who would have betrayed Grant's real motive for getting off the jury (fear of being unable to drink during sequestration), is simply too speculative to suggest prejudice.

In short, in light of the evidence garnered as to the information that the jurors could furnish, we hold that the district court's error in denying access to the jurors was harmless, whether we view the information they could have provided under the "harmless beyond a reasonable doubt" standard, *see, e.g., Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986), or the less exacting standard for reviewing the denial of a motion for a new trial.

*Bailey's conviction is affirmed.*